O’NIELL, Chief Justice.
 

 The appellant was convicted of the offense of carrying a concealed weapon, and was sentenced to pay a fine of .$500 or be imprisoned in the parish jail for six months.
 

 The only bill of exceptions in the ease is one which was reserved to the overruling of a motion for a new trial. The motion was founded upon a claim of newly discovered evidence.
 

 It appears that the defendant had an altercation with a man in a barroom at Westwego, a small town on the Mississippi river, opposite New Orleans. Two witnesses, Fabre and Thibodeaux, testified that they were standing outside of the barroom at the time of the quarrel, and that, when the defendant came out, they saw him draw a pistol from his hip pocket and place it into his coat pocket. Three witnesses for the defendant testified that they also were in front of the barroom when the defendant came out, and that they did not see a pistol in his possession, or see him go through the motion of transferring a pistol from one pocket to another.' The defendant also testified that he did not have a pistol on the occasion of the quarrel, and in fact did not own a pistol. The offense of carrying a concealed weapon being only a misdemeanor, the ease was tried by the judge without a jury; and the judge, evidently, regarded the negative testimony of the three witnesses for the defendant as being of little or no importance, and regarded the'positive testimony of the two witnesses for the state as being more worthy of belief than that of the defendant himself. The alleged newly discovered evidence consisted of the testimony of two witnesses, Jake Gassenberger, Jr., and Lowell Hebert, who made affidavits as to what their testimony would be. Gassenberger said that he was in front of the barroom at
 
 *656
 
 Westwego on the occasion in question, and saw the defendant come out of the barroom, but did not see either Fabre or Thibodeaus there. Hebert said that he crossed the river on the ferry leaving New Orleans at 11:30 p. m. and went immediately to Westwego, on the date of the alleged offense, and that he saw Thibodeaux at the ferry landing on the New Orleans side of the river at 11:30 that night. It appears that Thibodeaux and Fabre testified that the offense was committed at 11:30 that night. The judge, evidently, eonr sidered the negative testimony offered by Gassenberger as being of no importance, and considered that the testimony offered by Hebert could be reconciled with that of Thibodeaux and Fabre, on the theory that either Hebert was in error as to the exact time at which he saw Thibodeaux at the ferry landing in New Orleans or Thibodeaux and Fabre were in error as to the time at which they witnessed the affair at Westwego. The ferries cross the river here on a 20-minute schedule for the round trip. There was nothing arbitrary or unreasonable, therefore, in the judge’s concluding that the testimony of the two alleged newly discovered witnesses would not affect his judgment of the defendant’s guilt, if a new trial should be granted. A judge is allowed more discretion in that respect in a case that must be tried by him alone than in a case that is tried by a jury, because, on the hearing of a motion for a new trial, the judge knows whether the alleged newly discovered evidence would affect his judgment far better than he could know whether it would affect the verdict of a jury. There was no abuse of the .discretion vested in the judge in this instance.
 

 The conviction and sentence are affirmed.